UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

In re:

Kevin Story, Jr.,

      Debtor.

Bankruptcy No. 22-41262

Chapter 7

---

Kevin Story, Jr.,

      Plaintiff,

v.

United States Department of Education,

      Defendant.

Adversary No. 23-04081

---

## STIPULATION FOR JUDGMENT AND PARTIAL DISCHARGE OF PLAINTIFF'S UNITED STATES DEPARTMENT OF EDUCATION LOANS

The parties, Debtor/Plaintiff Kevin Story, Jr. ("Plaintiff") and Defendant United States Department of Education ("Defendant") (collectively, the "Parties"), by and through their respective counsel, have entered into this stipulation for judgment and partial discharge of Plaintiff's loans owned by Defendant (the "Stipulated Judgment"). The terms of the Stipulated Judgment are as follows:

1. On August 2, 2022, Plaintiff filed for Chapter 7 bankruptcy in this Court.

2. The Court entered an Order for Discharge on November 16, 2022.

3. On November 15, 2023, Plaintiff commenced the above-captioned adversary proceeding against Defendant by filing a Complaint in this matter. The Summons was issued on the same day and later re-issued on December 21, 2023.

4. On September 30, 2024, Defendant filed its Answer to the Complaint.

5. As of March 2025, Plaintiff owed to Defendant approximately $65,072.53, which represents the total balance of prepetition loan amounts (including interest) held by Defendant that are the subject of this adversary proceeding, i.e., National Student Loan Data System ("NSLDS") Loans 5 through 20 (collectively, the "Education-held Student Loans").

6. The Education-held Student Loans constitute student loans made to Plaintiff under a program funded in whole or in part by a federal government unit within the meaning of 11 U.S.C. § 523(a)(8).

7. Plaintiff has alleged that repayment of the Education-held Student Loans would cause an undue hardship.

8. Upon review of documents, information, and facts that Plaintiff has attested to, Defendant has determined that Plaintiff satisfies the criteria for discharge due to an "undue hardship" under 11 U.S.C. § 523(a)(8), only in part, based on Plaintiff's current and future financial condition. Plaintiff's monthly allowable expenses currently exceed his monthly income, evidencing that Plaintiff currently cannot maintain a minimal standard of living for himself and his dependents (if any) if forced to repay his Education-held Student Loans. However, to the extent Plaintiff has a current inability to pay in full, no facts exist supporting that this inability will likely persist in the future for a portion of the repayment period. Plaintiff has made good faith efforts to repay his Education-held Student Loans.

9. Accordingly, in order to resolve this matter without the need for further litigation, the Parties agree that only part of Plaintiff's Education-held Student Loans should not be excepted from discharge pursuant to 11 U.S.C. § 523(a)(8).[1]

---

[1] For the avoidance of doubt, this Stipulated Judgment does not affect the Debtor's **post-petition** loans that are held by the Defendant, i.e., NSLDS Loans 21 and 22, and which the Debtor remains liable.

10. Part of the Education-held Student Loans are dischargeable under Chapter 7 of Title 11 of the United States Code on the grounds that excepting such loans from discharge would impose an undue hardship on Plaintiff, pursuant to 11 U.S.C. § 523(a)(8).

11. NSLDS Loans 5 through 18 in the approximate amount of $56,391.60, including interest, are dischargeable under 11 U.S.C. § 523(a)(8).

12. NSLDS Loans 19 and 20 in the approximate amount of $8,680.93 are not dischargeable under 11 U.S.C. § 523(a)(8) and are not subject to discharge under 11 U.S.C. § 524(a). Plaintiff otherwise retains and reaffirms NSLDS Loans 19 and 20 for a total remaining loan balance of $8,680.93, plus any accrued interest.

13. Provided Plaintiff meets the program requirements, he may be eligible for Defendant's Income-Based Repayment program for NSLDS Loans 19 and 20.

14. Upon entry of an order approving this Stipulated Judgment, Defendant will adjust Plaintiff's loan amounts to reflect that the balance for NSLDS Loans 5 through 18 is $0, and it shall permanently write-off this debt pursuant to this Stipulated Judgment.

15. Upon entry of this Stipulated Judgment, Plaintiff releases, remises, and forever discharges Defendant, its agencies, agents, officers, employees, and counsel, past and present, from all claims or causes of action (including administrative claims) which Plaintiff, his heirs, agents, assigns, representatives, and successors ever had, now have, or hereafter may have against Defendant, its agencies, agents, officers, employees, and counsel, past and present, in relation to the discharge of the Education-held Student Loans, all except for obligations arising under this Stipulated Judgment.

16. Upon entry of this Stipulated Judgment, each party will bear their own costs and fees, including attorneys' fees.

17. Any and all individual taxation consequences as a result of this Stipulated Judgment are the sole and exclusive responsibility of Plaintiff. Defendant does not warrant or make any representation with respect to any tax consequences of this Stipulated Judgment. Nothing contained herein shall constitute a waiver by Plaintiff of any right to challenge any tax consequences of this Stipulated Judgment.

18. This Stipulated Judgment contains all of the terms of the agreement between the Parties and is intended to be and is the final and sole agreement between the Parties. The Parties agree that any other prior or contemporaneous representations or understandings not explicitly contained herein, whether written or oral, are of no further legal or equitable force or effect.

19. The Parties represent and warrant that they have reviewed and understand the Stipulated Judgment and its contents. The Parties further represent and warrant that each has the power to execute, deliver, and perform their obligations under this Stipulated Judgment; that each has taken all necessary action to authorize the execution, delivery, and performance of this Stipulated Judgment; and that this Stipulated Judgment is enforceable in accordance with its terms.

20. Pursuant to Local Rule 9011-1(b)(3)(B), the Parties' respective counsel authorize the filing of this document with their respective electronic signatures.

[*signature page follows*]

Dated:  March 4, 2025

COZEN O'CONNOR

*s/ Heather L. Marx*
By: Heather L. Marx
Attorney ID No. 321163
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Telephone: 612-260-9080
hmarx@cozen.com

**Attorney for Plaintiff**

Dated:  March 4, 2025

LISA D. KIRKPATRICK
Acting United States Attorney

s/ *Adine S. Momoh*
BY: ADINE S. MOMOH
Assistant U.S. Attorney
Attorney ID No. 0390085
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600
Email: adine.momoh@usdoj.gov

**Attorneys for Defendant United States Department of Education**

5